Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and the sign of the court. Good morning. This is Judge Wilson in Tampa. Judge Joe Pryor is in Atlanta and Judge Pryor and I are delighted to have Judge Corrigan with us today from the Middle District of Florida. Judge Corrigan is in Jacksonville and Judge we appreciate the assistance that you're giving us on these appeals this week. Glad to be with you. And we have three appeals that are scheduled for oral argument this morning. I will advise counsel preliminarily that we've read the briefs and we've considered the relevant parts of the record. That will assist you in confining your arguments to the issues on appeal. Ms. Geddes is the courtroom deputy and she will serve as the timekeeper and she will alert you counsel when your time to argue has expired and before that when there are two minutes left to your allotted time. The court appreciates your cooperation in scheduling these arguments to be heard by telephone conferencing this morning. And so we will begin the first argument. It is the United States of America versus Jesus Eduardo Duarte Camacho. Brian Mendelson is here for Camacho and Gabriel Adam Mendel is here for the government. And Mr. Mendelson are you ready to your argument? I am judge. You may. All right well good morning may it please the court Brian Mendelson here on behalf of Mr. Duarte Camacho. The district court in this case made a procedurally well imposed procedurally unreasonable sentence for two related reasons. First the sentence is on an incorrect factual finding and second the court incorrectly calculated the guidelines and failing to find a mitigating role under 3b 1.2 of the guidelines. And they're linked because the incorrect factual finding was the factual basis for the failure to find a minor role. The district court made one statement as to why it was denying the mitigating role. It said that Mr. Duarte Camacho did do the talking arranging the financial transaction insofar as activities are concerned in the United States. That's just incorrect. Mr. Duarte Camacho's role in this case was he was the guy who was sitting at the trailer with the drugs. His role was to transfer the drugs or find out how much drugs needed to be delivered and transfer the product to the buyer. He was not involved in any financial transaction. He did not say and in fact when the conversations turned. This is Judge Wilson. Didn't the undercover DEA agent with whom he arranged this transaction say that Camacho arranged its delivery of the drugs after a series of calls and texts? And is that a finding that we could say is clearly erroneous? No that's the correct finding. He did not involve in the financial transaction. He said that the financial transaction when they were talking about price he said I don't know anything about price. I need to talk to the people in Mexico about that. Just tell me how much I'm supposed to deliver and I will deliver that. I think using the phrase financial transaction is important because that implies a higher role than somebody who is the mere delivery guy. When you're talking about financial transactions you're talking about setting the price, knowing how much the product costs, what the wholesale price of the product is, knowing how much the profit margin you need to make on that is. Somebody who is involved in a financial transaction is much higher in the chain of events than the person whose job it is to simply take the product off the shelf and deliver it. And so when the court said it was a denying minor role because of a financial transaction it made a clearly erroneous fact finding and then implicated a much higher role to Mr. Duarte term financial transaction. It appeared at least I would posit to you that it appeared that the district judge was well versed in what had happened and he listened to a long sentencing and isn't that couldn't that just be read as a shorthand way of saying he arranged the deal or the transfer? Is it really fair to ascribe a larger meaning to that in the context here? Well, Judge, I believe that we have to take a district court judge at its word and certainly he did hear a sentencing. He did read the pre-sentence report and was involved but we have to take what he says as what he means. And so I think to say it's one thing to be involved in a drug deal. Certainly he was involved in a drug deal. His role was to deliver it. And once we as an appellate court, you as an appellate court start ascribing different meanings to what the district court judge actually said, I think we run into a whole set of new problems. This is Jill Pryor. Let me make sure we agree on what the facts are here. As I understand that the undisputed record indicates that Mr. Duarte Camacho initiated contact with the undercover agent. He discussed the amount of drugs and the location of the arriving or that he was running late. Is that correct? That is correct. Okay. Thank you. And I think that's his role. And so I think if you turn to the underlying definition of what we're talking about of a minor role, that is not enough. First of all, Mr. Duarte Camacho not only was held accountable for the five kilos that were part of that delivery, he was also held accountable for the entire 70 kilos of methamphetamine that were found at the trailer. And his involvement with that methamphetamine is basically to sit there and be at the trailer with it. He had no control over how much drugs were going to be at the trailer, what kind of drugs were going to be at the trailer, what was going to happen to them other than he's being told to deliver them. He couldn't control who came and went. And in fact, he didn't even have a car, so he couldn't deliver these drugs himself. And without a car, he was literally dropped at this trailer in the middle of the country and left there until somebody who's higher up in the organization decided it was time for him to even leave to go to the grocery store. I mean, he was just stuck there. And clearly that indicates somebody who's lower down on the chain of command. I think it's really important to... Well, if I were you, I wouldn't spend all my time discussing that issue. Why don't you tell us about whether or not, in your view, the district judge misapplied the law by relying simply on the March 18, 2018 negotiation of the delivery transaction as the only reason to support the denial of a minor role reduction. Certainly. I'm happy to stay with that. I think we're going back to old-fashioned notions of due process. Townsend versus Burke from the Supreme Court in the 1940s talks about how the district court has to provide... Can't impose a sentence on factually incorrect information. That would be a due process violation. And going up to Gall, saying it's a procedurally unreasonable sentence to rely on incorrect findings of fact to come up with a sentence. And this... This is Judge Wilson again, and I'm going to ask the government about this, but I'd like for you to address it initially. Do you make the argument in your brief that the court can't just rely on one factor in making a minor role decision? Is that an argument that you're making in your brief or not? No. I mean, the court can rely on as many factors as it wants. It can rely on the entire record, but what it said here and the reason it gave as the specific reason it was denying the minor role was that he was involved in a financial transaction. And the government, I think, attempts to broaden that out to say that the judge considered everything I was arguing, because I think there's a parenthetical or a little modifier after he says that in which the on one factor in making a minor role reduction decision. And in this case, it relied on the fact that he negotiated the delivery of drugs in March of 2018. I mean, I believe that the court can rely on anything in the record. And if it zeros in on a specific... I mean, obviously, it has to consider all of the guidelines in the application notes, but if a court specifically zeros in on one factor, say, for example, that he saw that my client was instructing five different people about what they should do in the organization, he could point to that and say, that's enough, he's not minor. So certainly, he could rely on one factor. In this case, it appears that he did rely on one factor and that one factor was clearly erroneous. And that then brings us to our procedural error. And I would note that this is a pretty significant difference. Not only is this a two-level adjustment, downward adjustment on the guidelines, if the judge had found a minor role, it also would have been a four-level reduction in the base offense level. So we're talking about a six-level difference between the guidelines that were used at sentencing and what we think the correct guidelines would have been. So these are... Now, so two-minute warning. Thank you. But I do want to talk specifically about where the judge, in his finding, has this parenthetical, almost a parenthetical phrase, even what Mr. Mendelson was speaking about, which he says right after, because he was involved in a financial transaction. The government, I think, tries to read that to say, the judge is saying, I considered everything that counsel argued about minor role. I read that as a modifier, saying that even counsel admits that he was involved in a financial transaction. And I think again, that's a clearly erroneous statement. This is Judge Corrigan. I want to follow up on Judge Wilson's question. There's a couple of 11th Circuit cases, Crushank, Prescendio, that talk about only relying on one factor as being potentially erroneous in certain factual scenarios. You're not, I take it, it doesn't sound like you're relying on that authority in your appeal? That wasn't the initial thrust of it. Judge, I have to admit that if it is something that helps me, I would rely on it. But my initial thrust is that since he only considered this one factor, and that one factor is wrong, that renders both sentences procedurally unreasonable. We don't even have to go beyond that. And it looks like I have about 10 seconds left, unless the court has any other questions. I'll stop. All right, Mr. Mendelson, you have reserved some time for rebuttal. And we'll hear from Mr. Mendo on behalf of the government. Members of the panel, good morning, and may it please the court. This is Gabriel Mendel for the United States. Mr. Duarte failed to meet his burden, which he held at the district court, of proving that he had a minor role in the offenses to which he pled guilty, which is a fact-intensive determination for which this court's precedent gives considerable discretion to the district court. And nor can Mr. Duarte meet his burden now of showing clear error in the district court's ruling. I think it's important that we ground ourselves in the standard of review here. It is not this court's role to reweigh the factual evidence and decide whether or not Mr. Duarte met his burden. Of course, even if the panel would have weighed the factual record differently, that's not sufficient. Instead, to overturn the district court, this court must find that the district court's decision has no support in the record. And there's abundant support in the record for the district court's decision. The starting point for determining a defendant's role in the offense is defining the relevant conduct for which he was held accountable at sentencing. It is then the defendant's burden to show he played a minor role for that conduct alone and not for some larger conspiracy. And at sentencing, Mr. Duarte was held accountable only for the 75 kilograms of methamphetamines that were seized from his co-defendant and from the meth lab that Mr. Duarte had been guarding with a shotgun. That's the extent of the rule. District court didn't rely on that as a factor, though, did it? It didn't say anything about that. The only thing the district court said was that he participated in the arrangement of the delivery in March of 2018. Is that the only factor that the district court says it relies on? And if so, why doesn't that, as Judge Corrigan suggested, why doesn't that violate our precedent in United States? District court, quote, permits legal error in making a minor role decision based solely on one factor, close quote. Well, first of all, Your Honor, the defendant hasn't raised that issue in his briefs, in his reply brief, and barely adopted it at the end of his oral argument. So the government would posit that argument has been waived by the defendant in this case. But I think when you look at the record of this case, it's clear that though the district court specifically identified that transaction and the role in that transaction, he referred to the other arguments that defense counsel had made. And in the larger sentencing record as a whole, clearly considered numerous other factors. There was a premises enhancement that was disputed. And then the court obviously also varied downward below the guideline range. So I don't think this record indicates that the court only relied on that one. It's just that's the only one it that the district court is required to list and lay out all of the factors it may have relied on for a minor role reduction, particularly when we're just looking at clear error. And clear error, what the court is supposed to do is look at the whole record and see if it, after reviewing the record, it has a firm conviction that a mistake was made. And this record just doesn't support and doesn't reach the level that would merit that finding. Well, counsel, I don't see any evidence in the record that Mr. Duarte Camacho had any role in the quote financial end quote aspect of the transaction. Where was that evidence? Well, so Mr. Duarte's coming to the court claiming that this reference to a financial transaction is some mystery that the district court invented out of whole cloth. The record is clear that the district court was referring to the transaction involving the sale of drugs to the undercover officer. A drug deal is a financial transaction. It is the exchange of contraband goods for money. Now, the district court did not find that Mr. Duarte coordinated every aspect of that transaction, such as the price. And in fact, the district court specifically emphasized that Mr. Duarte arranged the transaction, quote, insofar as activities are concerned here in the United States, end quote. In other words, the court recognized that some aspects of the transaction were coordinated elsewhere, just as Mr. Duarte had argued. The district court had no misunderstanding of the factual record before it. I also think it's worth noting that Mr. Duarte's counsel was present at sentencing. At no time after the district court made this reference to a financial transaction, the defense counsel stand up and suggest the court had made an error or ask the court to clarify just what financial transaction it was referring to. Instead, asked if he had anything further to say, defense counsel said, no, judge, thank you, nothing. If the district court had just made such a fundamental error as Mr. Duarte now claims, it would have been apparent to defense counsel at the time and raised with the district court. Instead, what we really have here is frankly a cynical counsel. This is Judge Wilson. Did counsel object to the denial of a minor role reduction? Yes, your honor. Yes, your honor. And which is why we haven't raised a plain error. We think clear error is the right standard. Point is simply, if this was such a mysterious reference, it would have been discussed at the time. And so instead what we have is really a cynical attempt to ask this panel to assume that the district court had such a poor grasp of the facts before it, so as to invent Mr. Duarte's participation in some mysterious transaction. There was only one transaction. This is Judge Corrigan. I was interested in the way that the PSR played out where there were supplemental factual assertions made in the PSR by Mr. Duarte, and they were not objected to by the government, and they tend to cast this in a completely different light than the factual basis for the plea in terms of him being coerced, in terms of him being threatened, in terms of him not being paid anything extra other than what he was being paid to tend the animals. He didn't have a car. There's lots of things that would start to tend toward making you think that a minor role would appropriate, and the government didn't object to that supplement, as I could see. So I'm wondering what the appellate court does with that. Yes, Your Honor. As we pointed out in our brief, we do think there's something curious about a defendant asking that his proffer be included in the PSR with an assertion that the government cannot rely on it to his detriment, but then seeking to rely on those unsworn contentions for a sentencing argument. We think either they're undisputed facts that everyone can rely on, or if they put in a caveat that they can't be used to his detriment, then they're not unsworn facts. Maybe they're in the PSR for consideration of BOP when they're doing security determinations and that sort of thing. But we put that in a footnote because we don't think it's dispositive, the issue before the court. Even if you include all that information, what it shows is that Mr. Duarte has a larger conspiracy that he was not charged with and he was not held accountable for its sentencing. Mr. Duarte, as the panelist referenced, he talks about being threatened. He did not assert a duress defense in this case. He pled guilty to all those crimes. And the district court could have considered those circumstances under 3553A, and from the transcript, it seems clear that the court did acknowledge and consider that history. But they don't tell us about the relative importance of his role. A drug trafficker might have a number of sympathetic explanations for why he committed his crime, but it doesn't materially change the role he played. This is Judge Corrigan again. Can I ask you, if this is a matter of discretion and judgment by the district court, would the district court on this record have been authorized to find a minor role? That is, could the district judge have made findings and agreed that a minor role was appropriate in this case? Yes, Your Honor. The considerable discretion that's left to the district court in this area, there are facts that Mr. Duarte raised, and some of them were raised in this argument, that could have pointed towards a minor role. It was his burden to prove that. We would have certainly argued, as we did at the district court, that he failed to meet that burden. But I think the district court could have exercised its considerable discretion in either regard, and we would not be able to sit here today and say that the district court had clearly erred the other direction. That is what the considerable discretion in this fact-intensive determination leaves to the district court. But because the record also contains numerous facts that the district court could rely on for denying that role, clear error can't be found. This is a meth lab where the drugs were created. He didn't just guard the drugs. He coordinated the sale of those drugs, was trusted to have contact with a buyer of five kilograms of methamphetamines, which is no small amount. He also was found in his own possession, in his own home, with more than $150,000 in cash, which is another factor that this court's precedent shows indicates that someone is not a minor participant. Now, he says it's not his money, it's someone else in the organization. But the fact that he's trusted to have that amount of money shows a confidence and a trust that's placed in him, and it also shows his knowledge of the extent of this drug trafficking conspiracy. I think it's important to note that the district court also sustained Mr. Duarte's objection to the enhancements for maintaining drug premises. And I say that because it shows that the district court conducted a thorough review of the factual record in this case, and where the defendant's position had merit, he granted Mr. Duarte's objection. But on the minor role adjustment, Mr. Duarte failed to meet his burden, and the district court's ruling doesn't constitute clear error. We believe Mr. Duarte's sentence should be affirmed, and unless there are further questions, I'll rest on that, and I thank you. All right, thank you, Mr. Mendel. Mr. Mendelson has reserved some time for rebuttal. I'm sorry, Judge, I just got, I didn't hear you, they just unmuted my line, I couldn't hear the last thing that you had said, Judge Wilson. You may proceed with your rebuttal argument. Thank you. I've got three points that I'd like to make in response. First, we talk about this financial transaction question, and the government still has not pointed to anything in particular that shows a financial transaction. It says he was involved in a drug deal, and because there's a deal, that's a sale, and so that must be a financial transaction. But nowhere does the government point to anything in the record that suggests that Mr. Duarte Camacho had anything to do with this other than arranging for the delivery of the drugs. Let me ask you, this is Judge Wilson, let me ask you this question, Mr. Mendelson. Did you waive the argument that a district court commits legal error in making a minor role decision based solely on one factor? Did you waive it? Probably, but I don't think it's necessary to get there. As to the government's argument about the supplemental facts and the information in the PSR, I think, Judge Corrigan, you put your finger on it, in that I did supplement the PSR with additional facts. The government filed a sentencing memo, didn't object to any of those additional facts, which came from my client's proffer, and didn't object to those facts at the hearing. In fact, the district court then adopted those facts as the facts of the case. The government also said that Mr. Duarte Camacho during his proffer was both truthful and credible. I think in the sentencing memo it used the word credible, and in the sentencing hearing it used the word truthful. So not only did it not object to it, it said that those statements were truthful. Mr. Duarte Camacho also made similar statements during his allocution, which the district court indicated that he had no reason to doubt in response to the allocution. Finally, it is true that I objected that the government should not be allowed to use his proffer to enhance the guidelines. That's section 1B1.8 of the sentencing guidelines. It says it can't be used to enhance it, but I certainly believe that this truthful information is not being used to enhance his guidelines, and so it would be appropriate to use. Finally, the government's argument that the amount of money and the amount of drugs shows that he was a trusted high-level participant, I would disagree with. I think that it shows that he was coerced, and that the coercion was effective in keeping him in the organization. So I believe that's my time. Counsel, your time has expired. Thank you. Thank you, Mr. Mendelson and Mr. Mendo.